USDC SCAN INDEX SHEET










LMM     2/23/99     11:07
3:98-CV-02359    ABBOTT LABORATORIES V. SYNTRON BIORESEARCH
*8*
*ANS/CNT.*

|   |   |   |
|---|---|---|
| 1 | **COUGHLAN, SEMMER & LIPMAN, LLP**<br>R.J. Coughlan, Jr. (State Bar No. 91711) | FILED |
| 2 | Katherine Koransky Pothier (State Bar No. 171783)<br>501 W. Broadway, Suite 400 | 99 FEB 22 PM 2:49 |
| 3 | San Diego, CA 92101<br>(619) 232-0800 |  |
| 4 | (619) 232-0107 (Fax) |  |
| 5 | **LIEBERMAN & NOWAK, LLP** |  |
| 6 | Arthur M. Lieberman<br>James P. Lynn |  |
| 7 | 461 Fifth Avenue<br>New York, NY 10017 |  |
| 8 | (212) 532-4447<br>(212) 481-0543 (Fax) |  |
| 9 | Attorneys for Defendant and Counter-Claimant |  |

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| ABBOTT LABORATORIES, an Illinois corporation, | ) Case No. 98CV2359H (POR) |
|---|---|
| Plaintiff, | ) |
| vs. | ) |
| SYNTRON BIORESEARCH, INC., a California corporation, | ) **ANSWER WITH COUNTERCLAIMS** |
| Defendant. | ) |
| SYNTRON BIORESEARCH, INC., a California corporation, | ) |
| Counter-Claimant, | ) |
| vs. | ) |
| ABBOTT LABORATORIES, an Illinois corporation, | ) |
| Counter-Defendant. | ) |

Defendant and Counter-Claimant Syntron Bioresearch, Inc. ("Syntron"), by its attorneys, Coughlan, Semmer & Lipman, LLP, and Lieberman & Nowak, LLP, for its answer with



Answer with Counterclaims
Case No. 98 CV 2359H (POR)

counterclaims to the complaint filed by Plaintiff and Counter-Defendant Abbott Laboratories ("Abbott."), avers as follows:

1. Denies knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 1 of the complaint.

2. Denies knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 2 of the complaint.

3. Admits the averments set forth in paragraph 3 of the complaint.

4. Admits the averments set forth in paragraph 4 of the complaint.

5. Admits the averments set forth in paragraph 5 of the complaint.

6. Denies the averments set forth in paragraph 6 of the complaint, except admits that venue is proper under 28 U.S.C. §§ 1391(b) and 1400(b).

7. Denies knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 7 of the complaint.

8. Denies knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 8 of the complaint.

9. Denies the allegations set forth in paragraph 9 of the complaint, and refers to the statute for its terms.

10. Denies knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 10 of the complaint.

11. Denies knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 11 of the complaint.

12. Incorporates by reference the responses to the averments set forth in paragraphs 1 through 11 of the complaint as though fully set forth herein.

13. Denies the averments set forth in paragraph 13 of the complaint.

14. Denies the averments set forth in paragraph 14 of the complaint, except admits that the products identified therein are Syntron's products.

15. Denies the averments set forth in paragraph 15 of the complaint that Syntron's products infringe the '162 patent.

1  16. Denies the averments set forth in paragraph 16 of the complaint.

2  18.[1] Incorporates by reference the responses to the averments set forth in paragraphs 1 through 11 and 14 of the complaint as though fully set forth herein.

3  19. Denies the averments set forth in paragraph 19 of the complaint.

4  20. Denies the averments set forth in paragraph 20 of the complaint that Syntron's products infringe the '484 patent.

5  21. Denies knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 21 of the complaint, except denies the averment that "[n]otwithstanding said notice of infringement, Defendant Syntron in complete disregard thereof and in deliberate knowing and wanton disregard of the rights of the Plaintiff, proceeded with the manufacture and sale of said infringing goods, and has been, and upon information and belief, is still manufacturing or causing to be sold, such infringing goods, thereby deriving unlawful gains and profits, and will continue to do so by continued infringement of said patent in deliberate, knowing, and wanton disregard of the rights of Plaintiff and to Plaintiff's irreparable damage, unless restrained by this Court."

6  22. Denies the averments set forth in paragraph 22 of the complaint.

**FIRST AFFIRMATIVE DEFENSE**

23. The Complaint fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

24. Syntron has not infringed and does not infringe U.S. Patent No. 5,073,484 ("the '484 Patent") or U.S. Patent No. 5,645,162 ("the '162 patent"), including, specifically, by its manufacture and sale of the products identified in the complaint.

///

///

---

[1] The complaint does not contain a paragraph 17.

### THIRD AFFIRMATIVE DEFENSE

25. The '484 patent and the '162 patent are invalid and unenforceable under 35 U.S.C. § 102.

### FOURTH AFFIRMATIVE DEFENSE

26. The '484 patent and the '162 patent are invalid and unenforceable under 35 U.S.C. § 103.

### FIFTH AFFIRMATIVE DEFENSE

27. The '484 patent and the '162 patent are invalid and unenforceable under 35 U.S.C. § 112.

### SIXTH AFFIRMATIVE DEFENSE

28. Abbott is estopped from asserting that Syntron has infringed the '484 patent or the '162 patent by reason of actions taken and statements made by the applicant to the Patent Office during prosecution of the application which led to the '484 and '162 patents.

### SEVENTH AFFIRMATIVE DEFENSE

29. The '484 patent and the '162 patent are unenforceable because applicant violated its duty of candor and good faith in the disclosures and statements made and not made to the Patent Office during prosecution of the application which led to the '484 and '162 patents.

30. On March 9, 1982, applicant filed U.S. Patent Application No. 356,459. On February 23, 1983, applicant filed a continuation-in-part application, No. 467,229, which issued into the '484 patent. On November 6, 1990, applicant filed Application No. 609,794, which is a division of Application No. 467,229. On June 1, 1992, applicant filed a continuation application, No. 891,932, which issued into the '162 patent. The '162 patent issued with a terminal disclaimer, limiting the term of the '162 patent to the same as the term of the '484 patent.

///

31. On information and belief, applicant for the '484 and '162 patents failed to disclose material prior art and made material misrepresentations about the prior art with an intent to deceive the Patent Office during prosecution of the applications which led to the patents-in-suit. Applicant's conduct so taints the prosecution as to render both the '484 and '162 patents unenforceable.

32. During the prosecution of the patent application which matured into the '484 patent, a counterpart application (EP 83301294.1, filed on March 3, 1983) was being prosecuted in the European Patent Office ("EPO.")

33. During the prosecution of EP 83301294.1, in a search report dated June 25, 1985, the European Examiner cited references to applicant which were material to the prosecution of the patent application which matured into the '484 patent.

34. In particular, U.S. Patent No. 4,059,407 and British Patent GB 1,547,688, both cited by the EPO to applicant, were material to the prosecution of the patent application which matured into the '484 patent.

35. The patent applicants and their attorneys were necessarily aware of the EPO search report and necessarily aware that the references cited by the EPO Examiner were material. Regardless, these material references were intentionally withheld from the United States patent examiner during the prosecution of applications which led to the patents-in-suit.

36. The applicant for the '484 patent and the individuals involved in its prosecution had an obligation to disclose the material references cited in the EPO search report to the United States patent examiner, and intentionally withheld the references with the intent to deceive the examiner and the Patent Office.

37. On or about December 11, 1996, the Patent Office informed the applicant in the prosecution of the '162 patent that the patent claims then pending were rejected as anticipated or rendered obvious by the prior art and that "[i]f the claims are clarified so that it is clear that there is a zone with a non diffusively bound labeled antibody provided on the device the claims would be allowable over the art."

///

1    38.    On or about February 14, 1997, in an interview with the patent examiner,
2  applicant represented to the examiner that the pending claims would be amended to include "a
3  diffusively bound labeled antibody."
4    39.    On or about March 4, 1997, with deceptive intent, applicant breached its duty of
5  candor to the Patent Office by amending the pending claims to include "a diffusively bound
6  labeled antibody" without disclosing to the examiner that the prior art, including U.S. Patent No.
7  4, 446,232 to Liotta, discloses the meaning attributed by Abbott to "a diffusively bound labeled
8  antibody." On information and belief, applicant had knowledge of this prior art when the
9  amendment to include "a diffusively bound labeled antibody" was made. This and other prior art
10 was material because, among other things, a reasonable examiner would have considered it
11 important in deciding whether or not to allow the pending claims to issue.
12   40.    Both the '484 patent and the '162 patent are unenforceable by reason of
13 applicant's inequitable conduct.

### EIGHTH AFFIRMATIVE DEFENSE

41.    Abbott's claims for infringement of the '484 patent and the '162 patent are barred by the doctrine of laches.

### NINTH AFFIRMATIVE DEFENSE

42.    Syntron relied on Abbott's inaction with respect to its claims of infringement, and Abbott is estopped from asserting any claims for infringement of the '484 patent or the '162 patent against Syntron.

### COUNTERCLAIMS

43.    These counterclaims are filed pursuant to the provisions of Fed. R. Civ. P. 13. This Court has jurisdiction over the counterclaims pursuant to 28 U.S.C. §§ 1331 and 1338(a).

44.    Syntron is a California corporation with its principal place of business located in Carlsbad, California.

45. Upon information and belief, Abbott is an Illinois corporation with its principal place of business located in Abbott Park, Illinois.

### FIRST COUNTERCLAIM

46. Syntron repeats and incorporates herein the averments of paragraphs 1 through 45 of these Counterclaims as though fully set forth herein.

47. This counterclaim is for a declaratory judgment under 28 U.S.C. §§ 2201 and 2202 of invalidity, non-infringement and unenforceability of the '162 patent. By reason of the complaint filed by Abbott against Syntron, and more particularly "Count I" thereof, there exists an actual justiciable controversy between Abbott and Syntron with respect to the validity, enforceability, scope and alleged infringement of the '162 patent in that Syntron claims the right to manufacture, use, sell and offer for sale its immunoassay products, including those identified in the complaint, free from any charge that it is thereby infringing the '162 patent.

### SECOND COUNTERCLAIM

48. Syntron repeats and incorporates herein the averments of paragraphs 1 through 47 of these Counterclaims as though fully set forth herein.

49. This counterclaim is for a declaratory judgment under 28 U.S.C. §§ 2201 and 2202 of invalidity, non-infringement and unenforceability of the '484 patent. By reason of the complaint filed by Abbott against Syntron, and more particularly "Count II" thereof, there exists an actual justiciable controversy between Abbott and Syntron with respect to the validity, enforceability, scope and alleged infringement of the '484 patent in that Syntron claims the right to manufacture, use, sell and offer for sale its immunoassay products, including those identified in the complaint, free from any charge that it is thereby infringing the '484 patent.

### PRAYER FOR RELIEF

WHEREFORE, defendant Syntron prays:

(a) For a declaratory judgment that U.S. Patent No. 5,654,162 is invalid and/or unenforceable;

(b) For a declaratory judgment that U.S. Patent No. 5,654,162 is not infringed by Syntron;

(c) For a declaratory judgment that U.S. Patent No. 5,073,484 is invalid and/or unenforceable;

(d) For a declaratory judgment that U.S. Patent No. 5,073,484 is not infringed by Syntron;

(e) For a preliminary and permanent injunction restraining Abbott from asserting that any immunoassay product which Syntron manufactures, uses, sells or offers for sale, including those identified in the complaint, constitutes an infringement of U.S. Patent No. 5,654,162 or No. 5,073,484, or from otherwise interfering with Syntron's business with respect thereto;

(f) For the costs of suit herein;

(g) For its reasonable attorneys' fees; and

(h) For such other and further relief as this Court deems just and proper.

DATED: February 22, 1999

Respectfully submitted,

**COUGHLAN, SEMMER & LIPMAN, LLP**

By _____
R.J. Coughlan, Jr.
Katherine Koransky Pothier
501 West Broadway, Suite 400
San Diego, California 92101
(619) 232-0800

- and -

**LIEBERMAN & NOWAK, LLP**
Arthur M. Lieberman
James P. Lynn
461 Fifth Avenue
New York, NY 10017
(212) 532-4447

Attorneys for Defendant and Counter-Claimant, SYNTRON BIORESEARCH, INC.

G:\409\pldgs\answer.wpd

## DECLARATION OF SERVICE

**ABBOTT LABORATORIES v. SYNTRON BIORESEARCH, INC.**
U.S. District Court, Case No. 98-CV-2359H (POR)

I, the undersigned, hereby declare:

I am a resident of the State of California, over the age of 18, and not a party to the within action. My business address is **501 West Broadway, Suite 400, San Diego, California.** On **February 22, 1999**, I served the within documents:

### ANSWER AND COUNTERCLAIMS

[ ]   **BY FAX:** by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

[XX]   **BY MAIL:** by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Diego, California, addressed as set forth below.

[ ]   **BY OVERNIGHT MAIL:** by causing the document(s) to be picked up by an overnight delivery service company for delivery to the addressee(s) on the next business day.

> Ralph A. Campillo, Esq.
> Hall R. Marston, Esq.
> Yvonne D. Arvanitis, Esq.
> SEDGWICK, DETERT, MORAN & ARNOLD
> 801 South Figueroa Street, 18th Floor
> Los Angeles, CA 90017-5556
> (213) 426-9600
> (213) 426-6921 (Fax)

I am readily familiar with the firm's practice of collection and processing of correspondence for mailing. Under that practice in the ordinary course of business it would be deposited with the U. S. Postal Service on that same day with postage fully paid. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or

///

1  postage meter date is more than one day after the date of deposit for mailing contained in this
2  affidavit.
3      I declare that the above referenced documents filed with the Court in this matter were
4  produced on paper purchased as recycled.
5      I declare that I am employed in an office of a member of the bar of this court at whose
6  direction the service was made.
7      I declare under penalty of perjury under the laws of the State of California that the above
8  is true and correct.
9      Executed February 22, 1999 at San Diego, California.

*[Signature]*
Jacquelyn S. Stengel

13  G:\409\service\proof2.wpd